CASES IN THE SUPREME COURT

EASTERN DIS.
*July*, 1832.

ABAT *vs.* ROBETAILLE.

ABAT
*vs.*
ROBETAILLE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT

Where the debtor has no property in the state, an order of bail will not be set aside, on the ground that he had engaged his services for two years, as clerk to a mercantile house.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The plaintiff is appellant from a decision by which the defendant was discharged from the bail he had given and his bond cancelled, on the following testimony:

Fitz deposed, he learned from the defendant he intended establishing himself in business, in New-Orleans. He came to the city a month or six weeks ago. The witness has understood he was to form a connexion with a house in New-Orleans.

On the cross examination, the witness declared he has no knowledge, in this respect, except what he derived from the defendant himself.

Conrad deposed, the defendant arrived in the city five or six weeks ago. He has been engaged as a clerk, by the defendant's house, for a period of two years, and is now in their employ. The witness does not know whether the defendant has a wife or not.

On his cross examination, the witness added, no written agreement was made for the defendant's services during the two years. He made to the defendant the offer of a salary of two thousand dollars a year, or of seven and a half per centum on the profits of the house. The defendant has not yet made his choice.

Lapire deposed he knew the defendant when he resided in the city of Natchez. He stated to the witness, he intended to remove to New-Orleans, and to do business. The witness has seen him for two or three weeks past engaged in the

preceding witness's counting house. Knowing the defendant had sold his stock in trade at Natchez, and closed his business there, the witness believes he intends to reside in New-Orleans. He left Natchez in January or February last, and had sold his stock long before.

On his cross examination, this witness added, he believes the defendant was prosecuting a chancery suit in the state of Mississippi, a short time before he came down.

Tarbe deposed, he came down from Natchez with the defendant, who had sold his stock there. He understood from the defendant that he intended settling in New-Orleans, and carrying on business there. He is now engaged in the counting house of one of the preceding witnesses. The deponent and defendant had taken a house together in New-Orleans, but the latter has left it. The deponent does not know that the defendant has any property in the city.

On these facts, we are of opinion, the judge erred in discharging the defendant from the bail the plaintiff had obtained.

An attempt was made to disprove the principal facts, sworn to by the plaintiff, viz: that he verily believed that the defendant was about to remove, without leaving sufficient property in the state to answer the plaintiff's claim.

The only circumstance that induces a belief of an intention of the defendant to remain in the state, except his own declarations, which he cannot oppose to the plaintiff, is that he engaged his services as a clerk to a mercantile house for two years. It does not appear that he has had care of property in the state. He is sued on his note for several thousand dollars. He has sold his stock in trade at Natchez, and does not appear to have the proceeds invested in any thing, his attention to which, might prevent his removal from the state, at any moment. The danger in which the creditors of a person thus situated are of losing their debts, unless they can so secure the person of the debtor, may in some cases induce them to form too early conclusions, unfavorable to a defendant. But in the present case, we cannot say that any

*Where the debtor has no property in the state, an order of bail will not be set aside, on the ground that he had engaged his services for two years, as clerk to a mercantile house*

thing established by the testimony produced by the defendant, disproves the assertion of the plaintiff, that he verily believes the defendant intends to remove out of the state, without leaving property sufficient to answer his claim.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, and that the rule taken on the plaintiff, to show cause why the defendant should not be discharged from his bail and his bond be cancelled, be discharged.

*Grymes*, for appellant.    *Duncan*, for appellee.